# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KARINE BAEZ and JAQUELINI DA SILVEIRA, on behalf of themselves and others similarly situated,<br>      Plaintiffs,<br><br>v.<br><br>KELLERMEYER BERGENSONS SERVICES, LLC, JS JANITORIAL SERVICE, INC. and EDIMAR EVANGELISTA, individually,<br>      Defendants. | **CLASS ACTION COMPLAINT AND JURY DEMAND** |

## I.  PRELIMINARY STATEMENT

1. Employers have a duty to pay their non-exempt employees overtime wages at a rate of one and one-half times their regular rate for each and every hour that an employee works over forty (40) hours in a work week.  Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA");   Mass. Gen. Laws Ann. Ch. 151, § 1A, *et seq*.

2. Companies cannot skirt their obligation to pay all earned wages simply by contracting them through other companies, such as temp agencies.  Such companies are joint employers when they retain "sufficient control over the work of the employees" of another company.  *Commodore v. Genesis Health Ventures, Inc.*, 63 Mass. App. Ct. 57, 61 (2005).

3. Companies cannot avoid their duty to pay all wages owed by contracting workers through companies that misclassify them as independent contractors.  Such companies are "employers" liable to "individuals performing any service" to them unless:

1

      a.     the worker is free from control and direction in connection with the performance of the service, both under his contract for the performance of service and in fact; and

      b.     the service is performed outside the usual course of the business of the employer; and

      c.     the individual is customarily engaged in an independently established trade, occupation, profession or business of the same nature as that involved in the service performed.

Mass. Gen. Laws Ann. Ch. 149, § 148B; *Sebago v. Bos. Cab Dispatch, Inc.*, 471 Mass. 321, 327 (2015).

4. Here, Defendant Kellermeyer Bergensons Services, LLC ("KBS"), a commercial cleaning service, contracted with JS Janitorial Service, Inc. ("JS"), another commercial cleaning service, to acquire the work of cleaners to whom they failed to pay overtime wages or provide Earned Sick Time as required by law.

5. Defendant KBS suffered or permitted Plaintiffs Karine Baez ("Baez") and Jaquelini da Silveira ("da Silveira"), and others similarly situated to work more than forty (40) hours per week, but neither KBS nor JS paid those workers an overtime rate for those hours. Defendants KBS and JS also failed to provide Baez and da Silveira and the proposed class, with Earned Sick Time as required by M.G.L. c. 149 § 148C.

6. As a result, Defendants retained hundreds of thousands of dollars that should have been paid to Plaintiffs and the Putative Class.

7. Defendants are liable to Plaintiffs and the Putative Class for back pay, liquidated damages, penalty damages, attorneys' fees, and costs.

## II.    JURISDICTION AND VENUE

8. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331.

9. This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1367 since they are so related to the FLSA claims that they form part of the same case or controversy.

10. Venue is proper in this district under 28 U.S.C. § 1391 because the acts or omissions giving rise to the claims in this complaint took place in this district.

### III.   LEGAL PRINCIPLES

11. Employers must pay overtime wages at a rate of one and one-half times their regular rate when they work more than forty (40) hours in a work week.  Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"); Mass. Gen. Laws Ann. Ch. 151, § 1A, *et seq*.

12. The applicable definition of 'employer' under the FLSA states: ""Employer" includes any person[1] acting directly or indirectly in the interest of an employer in relation to an employee."  29 U.S.C. § 203(d).

13. An individual is an "employee" under the Massachusetts law when they perform any service unless they are free from control and direction in connection with the performance of the service, both under the contract for the service and in fact.  Mass. Gen. Laws Ann. Ch. 149, § 148B; *Gallagher v. Cerebral Palsy of Massachusetts, Inc.*, 92 Mass. App. Ct. 207, 214 (2017).

14. "The basis of a joint employer finding is simply that one employer while contracting in good faith with an otherwise independent company, has retained for itself sufficient control of the terms and conditions of employment of the employees who are employed by the other employer."  *Gallagher v. Cerebral Palsy of Massachusetts, Inc.*, 92 Mass. App. Ct. 207, 214 (2017).

---

[1]   The FLSA defines "person" to include corporations.  29 U.S.C. § 203(a).

15. Massachusetts employers cannot avoid their obligations to pay overtime wages and Earned Sick Time by paying workers as independent contractors unless, among other things, "the service is performed outside the usual course of the business of the employee." M.G.L. c. 149 § 148B.

16. When workers provide "commercial cleaning services" to a "commercial cleaning company," those workers cannot be classified as independent contractors and the employer must pay wages consistent with the Massachusetts Wage Act and the FLSA. M.G.L. c. 149 § 148B.

17. To determine whether an employment relationship exists for purposes of the FLSA, courts "must look to the totality of the circumstances, including whether the alleged employer: (1) had the power to hire and fire the employee, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Romero v. Clean Harbors Surface Rentals USA, Inc.*, 368 F.Supp.3d 152, 159 (D. Mass. 2019).

### IV.     PARTIES

18. Plaintiff Karine Baez ("Plaintiff" or "Baez") is an individual residing in Fall River, Massachusetts. At all times relevant to this Complaint, Baez was an employee of Defendants, as that term is defined in the Fair Labor Standards Act ("FLSA") and the wage and hour laws of Massachusetts.

19. Plaintiff Jaquelini da Silveira ("Plaintiff" or "da Silveira") is an individual residing in Fall River, Massachusetts. At all times relevant to this Complaint, da Silveira was an employee of Defendants, as that term is defined in the Fair Labor Standards Act ("FLSA") and the wage and hour laws of Massachusetts.

20. Defendant KBS is a foreign limited liability company organized under the laws of Delaware, headquartered in Oceanside, California, registered to do business in

Massachusetts, and is a company engaged in the provision of "facility" services, including but not limited to janitorial services.

21. Defendant JS is a domestic corporation headquartered in Bridgewater, Massachusetts, registered to do business in Massachusetts, and is a company engaged in the provision of janitorial services.

22. Defendant, Edimar Evangelista ("Evangelista"), is the Treasurer and President of Defendant, JS Janitorial Services, Inc.

### V.  FACTUAL BACKGROUND

23. Defendant KBS provides commercial janitorial services to Amazon.com, Inc. ("Amazon") at Amazon's facilities, including but not limited to the Fall River and Stoughton Massachusetts fulfillment centers.

24. Defendant KBS fills the janitorial positions for Amazon by hiring its own KBS janitors and also by contracting with Defendant JS to acquire janitors located by JS.

25. Defendant JS provides janitorial services to KBS at Amazon's facilities, including but not limited to fulfillment centers, across Massachusetts including Stoughton and Fall River, Massachusetts locations.

26. Defendant JS pays its janitorial workers bi-weekly by check; it does not withhold taxes or other customary payroll deductions.

27. Defendant JS does not pay an overtime rate after forty hours weekly; it pays its janitorial workers at a flat rate of approximately $13.50 per hour.

28. Defendant JS does not provide its employees with Earned Sick Time as required by M.G.L. c. 149 § 148C.

29. Defendant KBS controls and directs the work of the janitorial workers contracted through Defendant JS:

a.  Defendant KBS can fire the janitorial workers contracted through Defendant JS, and has, in fact, terminated janitors contacted through JS;

b.  Defendant KBS supervises and controls the work schedules of the Plaintiffs and Putative Class;

c.  Defendant KBS maintains employment records including timesheets for Plaintiffs and members of the Putative Class;

d.  Defendant, KBS provided all training for Plaintiffs and the Putative Class in performing services at Amazon facilities;

e.  Defendant, KBS managed the performance of Plaintiffs and the Putative Class in connection with their work at Amazon facilities;

f.  Defendant, KBS addressed human resources matters and employee complaints related to the work of Plaintiffs and the Putative Class at Amazon facilities;

g.  Defendant KBS issues badges to the Plaintiffs and the Putative Class and maintained records of their swipe times and locations;

h.  Defendant KBS maintains a sign-in sheet for its own employees and also for the Plaintiffs and the Putative Class to record the times they enter and leave the Amazon facilities;

i.  Defendant KBS supervises the work activities of Plaintiffs and the Putative Class by telling them what cleaning activities to perform and which locations to perform them;

j.  Defendant JS does not provide any direction at all to its janitorial workers which it contracts to Defendant KBS;

k. Defendant KBS provided all cleaning supplies, uniforms, identification and other supplies necessary for Plaintiffs and the Putative Class to carry out their work.

30. In or about March 2020, Defendant JS sought janitorial workers by posting online advertisements. Plaintiff, Baez, responded to JS's advertisement and was instructed to meet with Matteos L/K/U, a JS principal, in a parking lot located at the Fall River, Massachusetts Amazon fulfillment center.

31. Plaintiff, Baez, along with approximately 8-10 new janitors met with Matteos L/K/U and were quickly introduced to a KBS supervisor named Dexter.

32. Dexter took responsibility for onboarding Baez and the other new janitors and trained them on KBS's and Amazon's policies and procedures.

33. Plaintiff, da Silveira was hired under similar circumstances one month later in April 2020.

34. Plaintiffs were typically assigned to work 11 hour shifts from 5:30 p.m. to 4:30 a.m. Plaintiffs usually worked four to five shifts per week for a total of 45-55 hours per week or more at an hourly rate of $13.00 to 13.50.

35. Defendant KBS required Plaintiffs to report to KBS supervisors, who managed all aspects of their work.

36. Defendant KBS scheduled the times and locations of the janitorial work which Baez and da Silveira performed at the Amazon fulfillment center.

37. Defendant JS paid Baez and da Silveira at a straight rate of $13.00 to $13.50 per hour, without paying an overtime rate, even when they worked over forty hours in a week.

38. For instance, for the two-week period ending January 30, 2021, Defendant KBS scheduled Baez to perform fifty hours of janitorial services per week (for a total of one hundred hours).

    a. On February 4, 2021, Defendant JS paid Baez $1,350 for 100 hours of work for that period at a rate of $13.50 per hour [100 hours x $13.50].

    b. Defendants KBS and JS should have paid Baez at her overtime rate of $20.25 for the hours worked in excess of forty hours per week but did not [1.5 x $13.50].

    c. JS and KBS should have classified twenty of Baez's hours as overtime hours but did not [(50 hours - 40 hours) x 2].

    d. Defendants thereby underpaid Baez by $135.00 for that two-week period [20 hours x ($20.25 - $13.50)].

39. Neither Defendant JS nor Defendant KBS provided plaintiffs or the proposed class with Earned Sick Time when employees were ill as required by M.G.L. c. 149 § 148C.

40. For instance, in January 2021, Plaintiff, Baez, missed work for approximately one week due to illness. Even though she should have been eligible for receipt of Earned Sick Time, neither KBS nor JS paid her wages.

41. On or about May 11, 2021, Defendant KBS terminated Baez's and da Silveira's employment.

42. On July 8, 2021, Plaintiff Baez obtained authorization for the Massachusetts Office of the Attorney General, Fair Labor Division, to pursue claims against JS and KBS (attached hereto as Exhibit "A").

43. On July 8, 2021, Plaintiff da Silveira obtained authorization for the Massachusetts Office of the Attorney General, Fair Labor Division, to pursue claims against JS and KBS (attached hereto as Exhibit "B").

## VI.   CLASS AND COLLECTIVE ALLEGATIONS

### A.   THE FLSA COLLECTIVE

44. Plaintiffs Karine Baez and Jaquelini da Silveira ("Baez", "da Silveira" or collectively, "Plaintiffs") bring this action on behalf of themselves and all other similarly situated employees, present and former, who were and/or are affected by the actions, policies and procedures of Defendants as described herein.

45. In addition, and in the alternative, Plaintiffs brings this action in their individual and personal capacities, separate and apart from the class claims set forth herein.

46. The FLSA class is defined as follows:

> All current and former employees of Defendants KBS and JS who were employed as janitorial workers at Amazon fulfillment center facilities from October 5, 2018, through the date of final judgment in this matter.

47. Plaintiffs sue on their own behalf and on behalf of those members of the FLSA class who have filed or will file with the Court their consents to sue. This is an appropriate collective or representative action under 29 U.S.C. § 216(b), sometimes referred to as an "opt-in class action," in that Plaintiffs and the members of the Putative Class are similarly situated.

48. Defendants have engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiffs, and other similarly situated employees and former employees in accordance with the provisions of the FLSA.

### B.   THE MASSACHUSETTS RULE 23 CLASS

49. Plaintiffs also sue on their own behalf and on behalf of all other members of the Massachusetts class pursuant to Rule 23 of the Massachusetts Rules of Civil Procedure and pursuant to M.G.L. c. 149 § 148.

50. The Massachusetts Rule 23 Class is defined as follows:

> All current and former employees of Defendants who were employed as janitorial workers at any time from October 5, 2018 through the date of final judgment.

51. Class certification for these Massachusetts law claims is appropriate under Rule 23(a) and Rule 23(b)(3) because all the requirements of the Rules are met.

52. The class is so numerous that joinder of all members is impracticable. On information and belief, there have been more than fifty (50) janitorial workers employed by Defendants in Massachusetts during the past three years.

53. There are questions of law and fact common to the class, including whether the Putative Class members worked hours for which they were not paid overtime compensation and Earned Sick Time in violation of Massachusetts law, and whether Defendants' conduct was willful.

54. The claims of Plaintiffs are typical of those of the class members. The claims of Plaintiffs encompass the challenged practices and course of conduct of Defendants. Furthermore, the claims of Plaintiffs are based on the same legal theories as the claims of the Putative Class members. The legal issues as to Defendants' alleged violations of the Massachusetts overtime laws applies equally to Plaintiffs and to the class.

55. Plaintiffs will fairly and adequately protect the interests of the class. The claims of Plaintiffs are not antagonistic to those of the Putative Class, and they have hired counsel skilled in the prosecution of class actions.

56. Common questions of law and fact predominate over questions affecting only individuals, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy. This proposed class action under Mass. R. Civ. P. 23 presents few management difficulties, conserves the resources of the

parties and the court system, protects the rights of each class member and maximizes recovery to them.

### C.     LEGAL CLAIMS

### COUNT ONE:  VIOLATION OF FLSA, 29 U.S.C. §207
### vs. Defendant, KBS

57. Defendant KBS, by its individual and/or concerted acts and/or omissions, including, but not limited to, those described herein, violated the overtime requirements of the FLSA by failing or refusing to pay the Plaintiffs and the Putative Class overtime compensation for all work in excess of forty (40) hours performed in any one work-week, thereby causing the Plaintiffs and the Putative Class to suffer damages as aforesaid, for which they are entitled to relief pursuant to 29 U.S.C. §216(b) including back wages, liquidated damages, attorneys' fees and court costs.

### COUNT TWO:  VIOLATION OF FLSA, 29 U.S.C. §207
### vs. Defendant, JS

58. Defendant JS, by its individual and/or concerted acts and/or omissions, including, but not limited to, those described herein, violated the overtime requirements of the FLSA by failing or refusing to pay the Plaintiffs and the Putative Class overtime compensation for all work in excess of forty (40) hours performed in any one workweek, thereby causing the Plaintiffs and the Putative Class to suffer damages as aforesaid, for which they are entitled to relief pursuant to 29 U.S.C. §216(b) including back wages, liquidated damages, attorneys' fees and court costs.

### COUNT THREE:  VIOLATION OF MASS. GEN. LAWS ANN. CH. 151, § 1A
### vs. Defendant, KBS

59. Defendant KBS, by its individual and/or concerted acts and/or omissions, including, but not limited to, those described herein, violated the overtime requirements of Massachusetts state law by failing or refusing to pay the Plaintiffs and the Putative

Class overtime compensation for all work in excess of forty (40) hours performed in any one workweek, thereby causing the Plaintiffs and the Putative Class to suffer damages as aforesaid, for which they are entitled to relief pursuant to Mass. Gen. Laws Ann. Ch. 151, § 1A and/or other applicable law.

### COUNT FOUR:  VIOLATION OF MASS. GEN. LAWS ANN. CH. 151, § 1A
### vs. Defendant, JS

60. Defendant JS, by its individual and/or concerted acts and/or omissions, including, but not limited to, those described herein, violated the overtime requirements of Massachusetts state law by failing or refusing to pay the Plaintiffs and the Putative Class overtime compensation for all work in excess of forty (40) hours performed in any one workweek, thereby causing the Plaintiffs and the Putative Class to suffer damages as aforesaid, for which they are entitled to relief pursuant to Mass. Gen. Laws Ann. Ch. 151, § 1A and/or other applicable law.

### COUNT FIVE:  FAILURE TO PAY TIMELY OVERTIME WAGES IN VIOLATION OF M.G.L. c. 149 §§ 148, 150
### vs. Defendant KBS

61. Based upon the foregoing, Defendant KBS violated the Massachusetts Wage Act by failing to make timely payment for all overtime wages owed pursuant to the FLSA. See Lambirth v. Advanced Auto, Inc., 140 F.Supp.3d (D.Mass. 2015) (holding that a Plaintiff make seek remedies under the Massachusetts Wage Act for an employer's failure to timely pay overtime wages as required by the FLSA).

62. Accordingly, Plaintiffs, and all other members of the Massachusetts Class are entitled to compensation for the full amount of their unpaid wages, as well as liquidated damages, attorney's fees, and court costs pursuant to M.G.L. c. 149 § 148.

### COUNT SIX:  FAILURE TO PAY TIMELY OVERTIME WAGES IN VIOLATION OF M.G.L. c. 149 §§ 148, 150
### vs. Defendant JS

63. Based upon the foregoing, Defendant JS violated the Massachusetts Wage Act by failing to make timely payment for all overtime wages owed pursuant to the FLSA. See Lambirth v. Advanced Auto, Inc., 140 F.Supp.3d (D.Mass. 2015) (holding that a Plaintiff make seek remedies under the Massachusetts Wage Act for an employer's failure to timely pay overtime wages as required by the FLSA).

64. Accordingly, Plaintiffs, and all other members of the Massachusetts Class are entitled to compensation for the full amount of their unpaid wages, as well as liquidated damages, attorney's fees, and court costs pursuant to M.G.L. c. 149 § 148.

### COUNT SEVEN:  VIOLATION OF EARNED SICK TIME LAW, M.G.L. c. 149 § 148C
### vs. Defendant KBS

65. Defendant KBS's conduct in failing to allow its Massachusetts employees to accrue, use, and receive pay for earned sick time, violates M.G.L. c. 149, §148C.

66. This claim is brought pursuant to M.G.L. c.149, §150.

### COUNT EIGHT:  VIOLATION OF EARNED SICK TIME LAW
### vs. Defendant JS

67. Defendant JS's conduct in failing to allow its Massachusetts employees to accrue, use, and receive pay for earned sick time, violates M.G.L. c. 149, §148C.

68. This claim is brought pursuant to M.G.L. c.149, §150.

### COUNT NINE:  VIOLATION OF MASS. GEN. LAWS ANN. CH. 151, § 1A
### vs. Defendant, Edimar Evangelista

69. Defendant Evangelista, through his capacity as Treasurer and President of Defendant JS, individually and/or concerted acts and/or omissions, including, but not limited to, those described herein, violated the overtime requirements of Massachusetts state law by failing or refusing to pay the Plaintiffs and the Putative

Class overtime compensation for all work in excess of forty (40) hours performed in any one workweek, thereby causing the Plaintiffs and the Putative Class to suffer damages as aforesaid, for which they are entitled to relief pursuant to Mass. Gen. Laws Ann. Ch. 151, § 1A and/or other applicable law.

### COUNT TEN:  FAILURE TO PAY TIMELY OVERTIME WAGES IN VIOLATION OF M.G.L. c. 149 §§ 148, 150
### vs. Defendant Evangelista

70. Based upon the foregoing, Defendant Evangelista violated the Massachusetts Wage Act by failing to make timely payment for all overtime wages owed pursuant to the FLSA. See Lambirth v. Advanced Auto, Inc., 140 F.Supp.3d (D.Mass. 2015) (holding that a Plaintiff make seek remedies under the Massachusetts Wage Act for an employer's failure to timely pay overtime wages as required by the FLSA).

71. Accordingly, Plaintiffs, and all other members of the Massachusetts Class are entitled to compensation for the full amount of their unpaid wages, as well as liquidated damages, attorney's fees, and court costs pursuant to M.G.L. c. 149 § 148.

### COUNT ELEVEN:  VIOLATION OF EARNED SICK TIME LAW, M.G.L. c. 149 § 148C
### vs. Defendant Evangelista

72. Defendant Evangelista's conduct in failing to allow its Massachusetts employees to accrue, use, and receive pay for earned sick time, violates M.G.L. c. 149, §148C.

73. This claim is brought pursuant to M.G.L. c.149, §150.

### VII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request, individually and on behalf of all other similarly situated persons:

1) That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all members of the Putative Class. Such notice shall inform them that this civil action has been filed, the nature of the

action, and of their right to join this lawsuit if they believe they were denied proper wages;

2) Certification of this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of members of the Massachusetts class and the appointment of Plaintiff and his counsel to represent the class;

3) Unpaid overtime wages under the FLSA;

4) Unpaid wages and restitution for unlawful deductions under the M.G.L. c. 149 §§ 148, 150;

5) Liquidated damages under the FLSA;

6) Treble damages under M.G.L. c. 149 § 150;

7) Payment of an incentive award for the named Plaintiffs;

8) Pre-Judgment and Post-Judgment interest, as provided by law;

9) Attorneys' fees and costs of suit under the FLSA and M.G.L. c. 149 §§ 148, 150, including expert fees; and

10) Such other and further relief as the Court deems just and equitable.

## VIII. DEMAND FOR JURY TRIAL

The Plaintiff hereby demands a trial by jury on all counts so triable.

Plaintiffs, KARINE BAEZ and JAQUELINI DA SILVEIRA, on behalf of themselves and others similarly situated,
By their attorney,

Dated:  November 2, 2021

/s/ Raymond Dinsmore (BBO # 667340)
Raymond Dinsmore (BBO # 667340)
Hayber, McKenna & Dinsmore, LLC
One Monarch Place, Suite 1340
Springfield, MA  01144
Ph: (413) 785-1400; Fx: (860) 218-9555
e-Mail:  rdinsmore@hayberlawfirm.com