UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

**KARINE BAEZ and JAQUELINI DA SILVEIRA,**
on behalf of themselves and others similarly situated,
  Plaintiff

v.            C.A. NO. 1:21-CV-11784-ADB

**KELLERMEYER BERGENSONS**
**SERVICES, LLC, JS JANITORIAL SERVICE, INC.,**
and **EDIMAR EVANGELISTA, individually,**
  Defendant
_____

**KELLERMEYER BERGENSONS**
**SERVICES, LLC**
  Defendant and Third Party Plaintiff

v.

**MAJESTIC QUALITY MAINTENANCE, INC**
  Third Party Defendant
_____

## ORDER GRANTING PRELIMINARY APPROVAL

  Before the Court is Plaintiffs' unopposed motion for preliminary approval of a Fed. R. Civ. Pro. 23 class and FLSA Collective action settlement and the pertinent materials filed with that motion. Neither Defendant Kellermeyer Bergensons Services, LLC ("KBS") nor Third Party Defendant Majestic Quality Maintenance, Inc. ("MQM") opposes this motion. For good cause shown, and as more fully explained below, the motion is GRANTED. The Court ORDERS as follows:

  1.  **Preliminary Certification of Rule 23 Class.** For purposes of settlement only, the Court preliminarily finds that the proposed settlement, as set forth in the Parties'

Stipulation of Settlement and Release (the "Agreement"), is fair, reasonable, adequate, and in the best interest of the Class, and meets the requirements of Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure. For purposes of settlement, the Rule 23 Class is so numerous that joinder of all members is impracticable; there are questions of fact and law common to the Class and that those questions predominate over questions affecting only individual Class Members; Plaintiffs' claims are typical of the claims of the Class; Plaintiffs will fairly and adequately protect the interests of the Settlement Class; and class treatment is superior to individual resolution of claims by Class Members. Accordingly, the Court finds that it will likely be able to certify the Rule 23 settlement Class, defined as:

> JS-employed janitorial workers who worked at Amazon's Stoughton and/or Fall River, MA warehouses (as identified in the pre-mediation data produced by MQM) during the period of April 1, 2020, through December 1, 2021.[1]

**2.     Conditional certification of FLSA Collective**.  For purposes of settlement only, the Court finds that the FLSA Collective Members are similarly situated and conditionally certifies a collective action, and authorizes Notice to the Collective pursuant to 29 U.S.C. § 216(b).

**3.     Preliminary Approval of the settlement Agreement**. For purposes of settlement only, the Court finds that the Agreement is fair, reasonable, and adequate, and within the range of possible approval, subject to further consideration at a final fairness hearing as set forth below.  Accordingly, the Court grants preliminary approval of the settlement, on the terms set forth in the Agreement.

---

[1] Based on MQM's records, the Parties agreed upon a list of approximately two-hundred forty-three (243) individuals who are designated, for settlement purposes only, as FLSA Collective and Rule 23 Class Members.

4. **Class Representatives**. For settlement purposes only, the Court preliminarily appoints Plaintiffs Karine Baez and Jaquelini Da Silveira as Representatives of the Rule 23 Class and FLSA Collective

5. **Class Counsel.** For purposes of settlement only, the Court preliminarily appoints as Class Counsel for the Rule 23 Class and FLSA Collective Raymond Dinsmore of Hayber, McKenna & Dinsmore, LLC, 1 Monarch Pl, Suite 1340, Springfield, MA 01144.

6. **Notice to the Class and Collective**. The Court approves, as to form and content, the Long Form, Email, and Text Notices (attached as Exhibits B and C to the Agreement), and finds that distribution of the Notices meets the requirements of due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto. The Court also approves the schedule set forth in the Agreement for dissemination of Notices to the Rule 23 Class and FLSA Collective, requesting exclusion from the Rule 23 Class, objecting to the Settlement, and submitting Consent forms to opt into the FLSA Collective.

7. **Settlement Administrator**. The Court approves Simpluris, Inc. as the Settlement Administrator, with the responsibilities set forth in the Agreement.

8. **Opt-Outs from the Rule 23 Class**. Any Class Member, other than the Plaintiffs, may elect to be excluded from this settlement by delivering written notice of the election to Opt-Out to the Settlement Administrator on or before the Opt-Out Deadline as set forth in the Agreement. Opt-Out requests must: (i) be signed by the Class Member who is requesting exclusion; (ii) include the full name, address, and phone number(s) of the Class Member; and (iii) expressly request to Opt-Out from the Settlement in the

"Baez/KBS Settlement." No Opt-Out request will be valid unless all of the information described above is included and timely received by the Settlement Administrator by the Opt-Out Deadline. No Class Member, or any person acting on behalf of, or in concert or participation with, the Class Member, may exclude any other Class Member from the Settlement. Class Members who do not timely and properly submit a written request to Opt-Out shall be bound by all of the terms of this Agreement, including the terms of the Final Approval Order and the Release, and shall be permanently barred and enjoined from bringing any action, claim, or proceeding of any kind against any of the Released Parties concerning any of the Released Class Claims.

**9.     Objections**.  Any Rule 23 Class Members who wish to present objections to the proposed settlement or the Agreement at the Fairness Hearing must do so first in writing. To be considered, such statements must be mailed to the Settlement Administrator via First Class United States Mail and post-marked or otherwise received by 60 days after the initial/emailing/texting of Notices and such deadline shall be set forth in the Notices. The Objection must include all reasons for objecting to the settlement or the Agreement, and any supporting documentation.  The Objection must also include the name, address, telephone number, and signature of the Class Member making the objection (the "Objector").  The Settlement Administrator will stamp the date received on the original and send copies of each Objection and supporting documents, as well as a copy of the Notices mailed to the Objector, to Class Counsel and Defendants' Counsel by email no later than three (3) days after receipt of the Objection.   Class Counsel shall file with the Court all timely submitted and valid Objections received from the Settlement Administrator no later than 7 days before the Fairness Hearing. An objector who timely

submits a written objection may appear at the Fairness Hearing in person (with or without counsel hired by the objector); however, an objector who wishes to appear at the Fairness Hearing must state his or her intention to do so at the time he or she submits his or her written objections. An objector may withdraw his or her objections at any time. Any Rule 23 Class Member who requests exclusion from the class may not submit objections to the settlement. The Parties may file with the Court written responses to any filed objections no later than 3 days before the Fairness Hearing. Upon the filing of an Objection, Class Counsel and Defendants' Counsel may take the deposition of the objecting Class Member at an agreed-upon time and location, and to obtain any evidence relevant to the Objection. Failure by an objector to make himself, herself, or itself available for deposition or comply with expedited discovery may result in the Court striking the Objection. The Court may tax the costs of any such discovery to the objector or the objector's counsel if the Court determines that the Objection is frivolous or is made for an improper purpose.

10. **Final Fairness Hearing**. A Fairness Hearing is hereby scheduled to be held before the undersigned on **October 10, 2023** at **9:15 a.m.** to consider the fairness, reasonableness, and adequacy of the Agreement, whether the Collective Members are similarly situated, the entry of a Final Approval Order in the case, any application for Attorneys' Fees and Costs filed by Class Counsel, the motion for the Plaintiffs' Service Awards, and any other related matters that are brought to the attention of the Court in a timely fashion.  The date and time of the Final Fairness Hearing shall be set forth in the Notices, but shall be subject to change by the Court without further notice to the Class and Participating Collective Members other than which may be posted on the Court's

docket and the Settlement Website.  Plaintiffs shall file their motion for final approval of the settlement by **September 26, 2023**.

    **11.**    **Stay of Proceedings**. All proceedings in this action, other than such proceedings as may be necessary to carry out the terms and conditions of this Order and the Agreement, are stayed and suspended until the Effective Date of the Agreement has occurred.  Additionally, the Court hereby prohibits and/or enjoins any other person or counsel from representing or prosecuting any claims on behalf of this Class and/or Collective in any other court.

    **12.**    **Terms**.  The terms used in this Order shall have the same meaning as they are defined in the Agreement.

    **13.**    If final approval of the Settlement is not granted, or if the Settlement is terminated for any reason, the Settlement and all proceedings had in connection therewith shall be without prejudice to the Parties' rights to assert any right or position that could have been asserted if the Settlement had never been reached or proposed to the Court; the Parties shall return to the *status quo ante* in the Action as it existed on the date the Agreement was executed; and all Orders issued pursuant to the Settlement and preliminary and final approval process shall be vacated. In such event, the Agreement and all negotiations concerning it shall not be used or referred to in this Action, or any other action, for any purpose whatsoever.

June 6, 2023                                                                              /s/ Allison D. Burroughs
                                                                                             ALLISON D. BURROUGHS
                                                                                             U.S. DISTRICT JUDGE