**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

Docket No. 1:21-CV-11784-ADB

KARINE BAEZ and JAQUELINI DA SILVEIRA, on behalf of themselves And others similarly situated,
Plaintiffs,
V.

KELLERMEYER BERGENSONS SERVICES, LLC, JS JANITORIAL SERVICE, INC., and EDIMAR EVANGELISTA, individually

Defendants.

---

KELLERMEYER BERGENSONS SERVICES, LLC.
Defendant and Third-Party Plaintiff

V.

MAJESTIC QUALITY MAINTENANCE, INC.,
Third Party Defendant.

---

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR APPROVAL OF ATTORNEYS' FEES, COSTS, AND INCENTIVE AWARDS TO NAMED PLAINTIFFS**

## I. INTRODUCTION

Plaintiff Karine Baez ("Plaintiff Baez") and Jaquelini Da Silveira ("Plaintiff Da Silveira") (collectively "Named Plaintiffs"), on behalf of themselves and all others similarly situated ("Class Members") (collectively "Class" or "Plaintiffs"), respectfully seek final approval attorneys' fees, costs, and incentive awards to the Named Plaintiffs in the above captioned case. Defendant Kellermeyer Bergensons Services, LLC ("KBS"), and Third-Party Defendant Majestic Quality Maintenance, Inc. ("MQM") (collectively "Defendants"), do not oppose this motion.

The Settlement Agreement provides for attorneys' fees in the amount of eighty thousand Dollars ($80,000.00) from the Total Settlement Amount. That share is fair and reasonable. The Agreement also provides for reimbursement of costs, which currently total $6,311.00. Plaintiffs' Counsel has extensive experience in wage and hour class actions and has been able to draw on this experience, thereby providing the lead plaintiff and the prospective class with a high degree of expertise in this area. Finally, the lead Plaintiffs support the attorneys' fees share and the Notice informed class members that $80,000.00 of the Settlement proceeds will be used to pay for attorneys' fees, and that in addition, and that an additional amount of the total fund shall be set aside for expenses related to the litigation.

The Named Plaintiffs each played a vital role in obtaining this substantial relief for their fellow Class Members. Plaintiffs therefore seek approval, consistent with the terms of the Settlement, of incentive awards in the amount of six thousand dollars ($6,000.00) each for Plaintiffs Baez and Da Silveira.

## II. THE REQUESTED ATTORNEYS' FEES AND COSTS ARE FAIR AND REASONABLE.

The Stipulation provides for a one-third share of the $240,000.00 Settlement Amount for attorneys' fees of $80,000.00 in addition to a Cost Award in the amount of up to $6,311.00 for

litigation costs.

Here, a one third share, which represents approximately 75% of Plaintiffs' counsel's total lodestar, is fair and reasonable. The fee agreement entered into between Plaintiff Baez, Plaintiff Da Silveria, and Class Counsel provided for 33% of the common fund in attorneys' fees after reimbursement of litigation costs. Dinsmore Affidavit ("Dinsmore Aff.) at ¶ 30. In addition, Class Counsel expended significant time and effort in informally investigating the claims in the case, filing the lawsuit, mediating the case, and subsequently negotiating the terms of the settlement, filing briefs and attending court hearings. Id.at ¶ 26.

Plaintiffs' Counsel has extensive experience in wage and hour litigation and has been able to draw on this experience in this case, thereby providing the Named Plaintiffs and Class Members with a high degree of expertise in this area. Id.at ¶ 10-12.

### A. A ONE-THIRD FEE AWARD IS REASONABLE AND SUPPORTED BY PRECEDENT.

Attorneys in a certified class action may be awarded reasonable fees and costs, subject to the wide discretion of the trial judge. *See* Fed. R. Civ. P. 23(h); *see also Berman v. Linnane*, 434 Mass. 301, 302-03 (2001). The First Circuit recognizes two methods for calculating attorneys' fees in the class action context. *See In re Thirteen Appeals Arising Out of the San Juan Dupont Plaza Hotel Fire Litig.*, 56 F.3d 295, 307 (1st Cir. 1995). Under the "percentage of the fund" ("POF") method, counsel may be awarded a reasonable percentage of the common fund. *Id*. at 305, 307. The POF method is generally favored in the class action context because it is less burdensome and "better approximates the workings of the marketplace".[1] *Thirteen Appeals*, 56 F.3d at 306-07.

In class cases, class counsel's fees are often paid as a percent of the common fund created

[1] The First Circuit also recognizes the "lodestar" method for calculating attorneys' fees.

by the recovery.[2] A one-third fee award "is well within the applicable range of percentage fund awards". *In re Relafen Antitrust Litig*., 2004 U.S. Dist. LEXIS 28801, *20-21 (D. Mass. Apr. 9, 2004) (citing *Mowbray v. Waste Management Holdings*, C.A. No. 98-11534-WGY (D. Mass. August 2, 2001); *Wilensky v. Digital Equipment Corp.*, C.A. No. 94-10752-JLT (D. Mass. July 11, 2001)); *see also Cintron v. BJ's Wholesale Club, Inc.*, No. 1:12-cv-11064-JLT (D. Mass. Feb. 4, 2014) (awarding 33% of common fund of $2.7 million in mid-manager misclassification FLSA and Rule 23 overtime action); *Scovil v. FedEx Ground Package Sys*., 2014 U.S. Dist. LEXIS 33361, *21 (D. Me. Mar. 14, 2014) (judge "observ[ing] that [a one third attorneys' fee] is consistent with wage-and-hour settlements in the neighboring jurisdiction of Massachusetts"); *Woolfson v. Caregroup, Inc.*, 2010 U.S. Dist. LEXIS 145990, *7 (D. Mass. Sept. 13, 2010) (approving award of attorneys' fees of $2,805,000, which represented 33% of the total settlement amount).[3]

Here, given the precedent cited above, the Court should recognize that a one-third

---

[2] Courts generally favor awarding fees from a common fund based upon the percentage of the fund method. As the Supreme Court has explained:

> [T]his Court has recognized consistently that a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorneys' fee from the fund as a whole. . .. Jurisdiction over the fund involved in the litigation allows a Court to prevent . . . inequity by assessing attorney's fees against the entire fund, thus spreading fees proportionately among those benefited by the suit.

*Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980) (citations omitted); *see also Blum v. Stenson*, 465 U.S 886, 900 n.16 (1984); *In re Thirteen Appeals Arising Out of the San Juan Dupont Plaza Hotel Fire Litig*., 56 F.3d 295 (1st Cir. 1995) (awarding attorneys' fees of $68 million out of a $220 million settlement fund) Among the advantages recognized by the First Circuit in *Thirteen Appeals*, was the fact that the percentage method is less burdensome to administer than the lodestar method. *See id.* at 307. The court also endorsed the percentage of recovery approach because it is result-oriented, and hence it promotes the more efficient use of attorney time, and because the percentage method also better reflects the market value of counsel's services. In *Thirteen Appeals*, the First Circuit noted that other Courts of Appeals have *required* the use of percentage awards in common fund cases. *See, e.g., Camden Condominium Ass'n v. Dunkle*, 946 F.2d 768, 771 (11th Cir. 1991); *Swedish Hospital Corp. v. Shalala,* 1 F.3d 1261, 1271-72 (D.C. Cir. 1993); *see also* "Court Awarded Attorney Fees," 108 F.R.D. 237, 255 (3d Cir. 1985).

[3] *See also, e.g., deMunecas v. Bold Food, LLC*, 2010 U.S. Dist. LEXIS 87644, *22, 2010 WL 3322580 (S.D.N.Y. Aug. 23, 2010) (held class counsel's request for 33% of settlement fund as attorneys' fees was reasonable) (collecting cases).

recovery in this case is reasonable as well. The Court-authorized notice that went out to the Class Members informed them that out of the $240,000.00 settlement, a maximum of $80,000.00 would first be deducted in attorneys' fees. Dinsmore Aff. at ¶ 31. Thus, with full knowledge of the disclosure of the one-third attorney fee provision, 35 out of 168 Class Members submitted claims forms to receive a full share of the settlement. Indeed, to date, not a single objection to the settlement has been received. *See In re Heritage Bond Litig.*, 2005 U.S. Dist. LEXIS 13555, *71 (C.D. Cal. June 10, 2005) ("The absence of objections or disapproval by class members to Class Counsel's fee request further supports finding the fee request reasonable.") Thus, the fact that the Class Members have tacitly found a one-third fee to be reasonable mitigates in favor of the Court approving the one-third fee petition. *See Scovil*, 2014 U.S. Dist. LEXIS 33361, *21 ("I find that 48 of the class members actually engaged this law firm to represent them and in fact signed contingent fee agreements providing that individually they would pay one-third of the recovery. That is one signal of what the market rate is.")

**B. THE LODESTAR METHOD ALSO CONFIRMS THAT CLASS COUNSEL SHOULD BE AWARDED A ONE-THIRD FEE AWARD.**

Some courts use the lodestar analysis to "cross-check" a percent of fund award. *See, e.g., Boyd v. Bank of Am. Corp.*, 2014 U.S. Dist. LEXIS 162880, *29 (C.D. Cal. Nov. 18, 2014). Under the lodestar method, factors to consider include: (1) the nature of the case and the issues presented, (2) the time and labor required, (3) the amount of damages involved, (4) the result obtained, (5) the experience, reputation, and ability of the attorneys, (6) the usual price charged for similar services by other attorneys in the same area, and (7) the amount of awards in similar cases. *See Berman v. Linnane*, 434 Mass. 301, 303, 748 N.E.2d 466 (2001); *Linthicum v. Archambault*, 379 Mass. 381, 388-89 (1970) *abrogated on other grounds by Knapp Shoes, Inc. v. Sylvania Shoe Mfg. Corp.*, 418 Mass. 737 (Mass. 1994); *Cummings v. National Shawmut Bank*,

284 Mass. 563 (1934); *Howe v. Tarvezian*, 73 Mass. App. Ct. 10, 13 n.5 (2008) (the lodestar value may encompass a number of practical factors). The Supreme Judicial Court of Massachusetts has explained that, under the lodestar analysis, "[n]o one factor is determinative, and a factor-by-factor analysis, although helpful, is not required." *Berman v. Linnane*, 434 Mass. 301, 303 (Mass. 2001).

**(1) Nature of the Case and the Issues Presented**

Achieving fair settlement in this case, on a Class-wide and Collective-wide basis, proved extremely challenging. Because the Defendant that served as the immediate employer of Named Plaintiffs and the Class was administratively dissolved and could not be located and served, Plaintiffs were left to establish liability on a daunting "joint employer" theory against Defendant, KBS. This hybrid state and federal law class action involving claims under the Massachusetts Overtime Statute, Massachusetts Earned Sick Time Law, and the FLSA was complex. *See In re Austrian & German Bank Holocaust Litig*., 80 F. Supp. 2d 164, 174 (S.D.N.Y. 2000) ("Most class actions are inherently complex, and settlement avoids the costs, delays and multitude of other problems associated with them.") (citing *In re NASDAQ Market Makers Antitrust Lit.*, 187 F.R.D. 465, 477 (S.D.N.Y. 1998) ("Class actions have a well-deserved reputation as being most complex.")).

Plaintiffs' Counsel had to engage in lengthy and, at times, intense and challenging settlement negotiations to resolve this matter. The Parties attended a one-day mediation with a respected mediator with extensive experience in class action settlements where the Parties reached a settlement. Therefore, because this case is a complex class action and it presented several contested issues during the settlement negotiations, this factor supports the award of a one-third attorneys' fee.

**(2) Time and Labor Required**

Class Counsel has spent significant effort to achieve this Settlement. As of September 25, 2023, Class Counsel and associated staff have spent over 350 hours on this matter. The total of Class Counsel's lodestar of each attorney's and/or paralegals' respective hourly rate is approximately $108,460.00.

Applying the lodestar method as a "cross check", shows that Class Counsel's requested one third fee is reasonable as at most it would represent a multiplier of less than 73%[4] their lodestar. *See Commonwealth Care Alliance v. AstraZeneca Pharm., LP*, 31 Mass. L. Rep. 516 (Mass. Super. 2013) (approving motion for attorneys' fees which applied a lodestar multiplier of 2 for 30% of fund); *see also Bredbenner v. Liberty Travel, Inc.*, 2011 U.S. Dist. LEXIS 38663, *62, 2011 WL 1344745 (D.N.J. Apr. 8, 2011) ("The Third Circuit has approved a cross-check multiplier of 3 in a 'relatively simple' case that did not involve the application of several state laws or carry risks as to liability. The 1.88 multiplier in this case is therefore quite reasonable.")

**(3) Amount of Damages Involved**

In anticipation of the mediation, MQM provided Class Counsel with data regarding Class Members' timesheets during the relevant period for the lawsuit. Dinsmore Aff. at ¶ 16-17. Plaintiff's Counsel used that data to calculate damages for the Class Members and estimated the unpaid overtime and unpaid sick time owed to the class at $196,248. Id. After deducting attorneys' fees, costs, and the incentive awards to the Named Plaintiffs (should they be approved at the requested amount), the Class would recover about 75% of their single overtime damages. Thus, the amount of damages and percentage recovered favors the award of one-third attorneys'

[4] This is calculated by dividing $80,000.00 (one third of settlement) by the $108,460.00 calculated lodestar to date. Of course, with the additional work that will need to be done, any multiplier upon the conclusion of the entire settlement distribution will be even smaller.

fees.

**(4) Results Obtained**

Class Counsel submits that they have achieved a very good result for the Class Members. First, by filing the instant lawsuit, Class Counsel facilitated the monetary distribution that will be sent to the Class Members if this Court grants final approval to the settlement.

Second, the benefit to the class is excellent in that Class Members and members of the Collective will recover substantial overtime wages that they never would have received but for this lawsuit.

The recovery here is significant given the risks of litigation on a "joint employer" theory of liability. Thus, the favorable result for the Class supports a one-third attorneys' fee award.

**(5) Experience, Reputation, and Ability of Attorneys**.

Class Counsel is well aware of the law in wage and hour class actions. Their experience in this area has provided the class with a high degree of expertise. Class Counsel, Raymond Dinsmore, Partner at Hayber, McKenna & Dinsmore, LLC, is experienced in prosecuting wage and hour class and collective actions, and courts have appointed Hayber, McKenna & Dinsmore, LLC as class counsel numerous times based on the firm's experience. *See Kiefer v. Moran Foods, LLC,* 2014 U.S. Dist. LEXIS 106924, *36 (D. Conn. July 31, 2014) ("The Hayber Law Firm, LLC [now Hayber, McKenna & Dinsmore, LLC] … are all experienced employment law practitioners")*; Aros v. United Rentals, Inc.,* 2012 U.S. Dist. LEXIS 104429, *19, (D. Conn. July 26, 2012) (Hayber Law Firm, LLC [now Hayber, McKenna & Dinsmore, LLC] consists of "experienced employment lawyers with good reputations among the employment law bar. They have prosecuted and favorably settled many employment law class actions, including wage and hour class actions."); Further, Hayber, McKenna & Dinsmore, LLC has represented employees

in many cases brought under federal and state wage laws very similar to this one. Dinsmore Aff. at ¶ 10.

**(6) Usual Price Charged for Similar Services by Other Attorneys**

Compared to fees charged by other attorneys in the state of Massachusetts, the rates charged by the attorneys in this case are reasonable and support a one-third fee. Here, the attorneys' rates Class Counsel utilized in calculating its lodestar range from $500.00 an hour for partners and $125.00 an hour for paralegals. Id.at ¶ 27, 28. Such rates compare favorably with rates for other counsel in the state of Massachusetts, especially as it pertains to rates for the more senior attorneys who worked in this case. *See Commonwealth Care Alliance v. AstraZeneca Pharms. L.P.*, 2013 Mass. Super. LEXIS 145, *3-4, 31 Mass. L. Rep. 516 (Mass. Super. Ct. 2013) (found hourly rates ranging from $180 for an associate to $590 for a senior partners to be reasonable and in line with rates charged at medium to large law firms in Boston); *Tuli v. Brigham & Women's Hosp., Inc.*, 2009 U.S. Dist. LEXIS 129768, *5-7 (D. Mass. June 8, 2009) (approving as reasonable rates of between $570 to $735 for partner attorneys, $250 to $495 for associates, and $110 to $240 for administrative staff).

**(7) Amount of Awards in Similar Cases**

As discussed in § II. A., *supra*, a one-third attorneys' fee is common in wage and hour class settlements. *See Scovil*, 2014 U.S. Dist. LEXIS 33361, *21 (Maine judge "observ[ing] that [a one third attorneys' fee] is consistent with wage-and-hour settlements in the neighboring jurisdiction of Massachusetts").

In sum, the cross-check lodestar analysis detailed above through the seven (7) factors supports the Court allowing the motion for attorneys' fees in an amount equivalent to one-third of the common fund.

### C. AN AWARD OF COSTS IN THE AMOUNT OF $6,311.00 IS REASONABLE.

Class Counsel requests reimbursement of $6,311.00 in costs out of the common fund in addition to its attorneys' fees. *See, e.g.*, *In re FIDELITY/Micron Secs. Litig. v. Fidelity Magellan Fund*, 167 F.3d 735, 737 (1st Cir. 1999) ("[L]awyers whose efforts succeed in creating a common fund for the benefit of a class are entitled not only to reasonable fees, but also to recover from the fund, as a general matter, expenses, reasonable in amount, that were necessary to bring the action to a climax.") In this case, Hayber, McKenna & Dinsmore, LLC has spent $6,311.00 in litigation costs in the case, including $3,186.00 in private mediation fees, $402.00 in filing fees, and $2,500.00 in expert statistician fees, and $223.00 in service fees (Client Costs Journal attached hereto as Exhibit D).

### D. THE COURT SHOULD GIVE FINAL APPROVAL TO AN INCENTIVE AWARD OF $6,000 FOR EACH OF THE NAMED PLAINTIFFS BECAUSE IT IS A MODEST AWARD.

The Court should also approve incentive awards of $6,000.00 to both Plaintiff Baez and Plaintiff Da Silveira. This incentive payment is fair and reasonable. *See, e.g., Woolfson v. Caregroup, Inc., supra* at *7-8 (approving incentive awards in amount of $5,000 to each named plaintiff to compensate them for risks borne in bringing litigation and for the time and effort expended in assisting in the prosecution of the litigation and the ultimate recovery). Plaintiffs Baez and Da Silveira were champions for the Class by filing this lawsuit. They participated in developing the litigation strategy and have been important resources to Plaintiffs' Counsel in evaluating the claims and the facts and engaging in settlement discussions. Plaintiffs Baez and Da Silveira also served as the primary points of communication with other Class Members. Plaintiffs Baez and Da Silveira also expended time attending a full day of mediation. Dinsmore Aff. at ¶ 35.

The courts have widely recognized that such payments serve an important function in promoting enforcement of state and federal law by private individuals, while encouraging class action settlements. *See In re Relafen Antitrust Litig.*, 231 F.R.D. 52, 82 (D. Mass. 2005) (awarding incentive payments of between $9,000 and $18,000 to named plaintiffs; "[i]ncentive awards are recognized as serving an important function in promoting class action settlements, particularly whereas here, the named plaintiffs participated actively in the litigation"); "In wage and hour cases, "awards of $10,000 and $15,000 are not uncommon and on occasion reach $20,000, $30,000 and higher." *Lauture v. A.C. Moore Arts & Crafts, Inc.*, No. 17-CV-10219-JGD, 2017 WL 6460244, at *2 (D. Mass. June 8, 2017) (citing *Scovil v. FedEx Ground Package Sys., Inc.*, No. 1:10- CV-515-DBH, 2014 WL 1057079, at *6 (D. Me. Mar. 14, 2014).

> In examining the reasonableness of a requested incentive award, courts consider: "(1) the steps these individuals have taken to protect the interests of the class, (2) the degree to which the class has benefited from those actions, (3) the amount of time and effort they have expended in pursuing the litigation, and (4) any negative effects that they have risked."

*Id. at *3. See also In re Celexa & Lexapro Mktg. & Sales Pracs. Litig.*, No. MDL 09-2067-NMG, 2014 WL 4446464, at *9 (D. Mass. Sept. 8, 2014 ("The purpose of such incentive awards is to reimburse the plaintiffs for their effort in pursuing the claims on behalf of the entire class."); *In re Compact Disc Min. Adver. Price Antitrust Litig.*, 292 F. Supp. 2d 184, 189 (D. Me. 2003) ("Because a named plaintiff is an essential ingredient of any class action, an incentive award can be appropriate to encourage or induce an individual to participate in the suit"); *Savett, et al.*, "Consumer Class Actions: Class Certification Issues, Including Ethical Considerations and Counsel Fees and Incentive Payments to Named Plaintiffs," 936 PLI / Corp. 321, 340 ("It has become commonplace for the named representatives to request a special payment for having borne the flag and headed a class action. Most courts are receptive to this because they feel that

private attorneys general should be encouraged, and such incentives further the goals of federal and state laws").

In this case, Plaintiffs Baez and Da Silveira put themselves on the line for the benefit of their co-workers, and the incentive payments requested on their behalf are similar to or less than payments approved by courts in a number of similar cases. *See, e.g., Hayes et al. v. Aramark Sports, LLC*, C.A. No. 08-10700-RWZ (D. Mass. 2009) (approving $25,000 incentive payments for lead plaintiffs).

**III. CONCLUSION**

For the reasons set forth above, Plaintiffs respectfully request that this Court grant this motion for attorneys' fees, costs, and for an incentive award for Plaintiff Baez and Plaintiff Da Silveira in its entirety.

Dated: September 26, 2023

Respectfully submitted,

Attorneys for Plaintiffs
Karine Baez and Jaquelini Da Silveira,

*/s/ Raymond Dinsmore*

Raymond Dinsmore, Esq. (BBO# 667340)
Hayber, McKenna & Dinsmore, LLC
One Monarch Place, Suite 1340
Springfield, MA 01144
Office: (413) 785-1400
Fax: (413) 341-3640
RDinsmore@HayberLawFirm.com

**CERTIFICATE OF SERVICE**

I, Raymond E. Dinsmore, hereby certify that on September 26, 2023, a copy of Plaintiffs' Motion for Final Approval of Class Action and FLSA Collective Settlement has been filed electronically through CM/ECF and served electronically on the following counsel of record:

COUNSEL FOR KELLERMEYER BERGENSONS SERVICES, LLC

Katherine S. Kayatta
PIERCE ATWOOD LLP
Merrill's Wharf
254 Commercial Street
Portland, ME 04101
kkayatta@pierceatwood.com

COUNSEL FOR MAJESTIC QUALITY MAINTENANCE, INC.

Ranen S. Schechner
Law Office of Ranen S. Schechner 10
Cedar Street, Suite 26
Woburn, MA 01801
schechner@gmail.com

Dated: September 26, 2023

*/s/* Raymond Dinsmore
Raymond Dinsmore