UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Docket No. 1:21-CV-11784-ADB

| | |
|---|---|
| KARINE BAEZ and JAQUELINI DA SILVEIRA, on behalf of themselves And others similarly situated,<br>        Plaintiffs,<br>   V.<br><br>KELLERMEYER BERGENSONS SERVICES, LLC, JS JANITORIAL SERVICE, INC., and EDIMAR EVANGELISTA, individually<br><br>        Defendants.<br><br>KELLERMEYER BERGENSONS SERVICES, LLC.<br>   Defendant and Third-Party Plaintiff<br>   V.<br><br>MAJESTIC QUALITY MAINTENANCE, INC.,<br>   Third Party Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL**
**APPROVAL OF SETTLEMENT AGREEMENT, FINAL JUDGMENT, AND ORDER OF**
**DISMISSAL**

This matter is before the Court on Plaintiffs Karine Baez and Jaquelin Da Silveira ("Plaintiffs") Motion for Final Approval of Class Action and FLSA Collective Action Settlement and Plaintiffs' Motion for Attorneys' Fees and Costs, which motions are unopposed. On October 10, 2023, I conducted a final approval hearing in accordance with Fed. R. Civ. P. 23(e)(2) to assess the fairness and reasonableness of the proposed settlement, and to address Class Counsel's

1

application for a fee award and the Plaintiffs' enhancement award. For the reasons stated below, I approve the settlement and grant the motion for attorneys' fees.

## BACKGROUND

Plaintiffs Baez and Da Silveira, alleged that they worked as janitorial workers for Defendants KBS, JS Janitorial Service, Inc. ("JS"), and Mr. Edimar Evangelista ("Evangelista"), from April of 2020 until their separation of employment in or around May of 2021.

Plaintiffs alleged that throughout Plaintiffs' employment, Defendants maintained a policy of failing or refusing to pay the Plaintiffs and the Putative Class overtime compensation for all work in excess of forty (40) hours performed in any one workweek, thereby causing the Plaintiffs and the Putative Class to suffer damages. Plaintiffs alleged that during the period of the claim from October 5, 2018, to December 1, 2021, employees were not paid an overtime rate when they worked more than forty (40) hours in a given workweek in violation of Chapter 151 of the Massachusetts General Laws.

Plaintiffs further alleged that Defendants maintained a policy of failing to provide Plaintiffs and the Putative Class with Earned Sick Time pursuant to Massachusetts law; accordingly, during the period of the claim from October 5, 2018, to December 1, 2021, employees were denied compensation for Earned Sick Time. Defendants deny all of these allegations.

On November 2, 2021, Plaintiffs filed suit against KBS, JS, and Evangelista, an owner or principal of JS. Plaintiffs filed their complaint as a class action lawsuit, alleging Defendants unlawfully denied Plaintiffs and similarly situated employees' wages, in the form of overtime wages in violation of the FLSA and Massachusetts state law, as well as unpaid Earned Sick Time compensation in violation of Massachusetts state law.

Plaintiffs were unable to locate and serve Defendant JS, which was administratively dissolved by the Secretary of the Commonwealth, and Mr. Evangelista. KBS also asserted a crossclaim against JS and Mr. Evangelista but were unable to locate and serve them. KBS also filed a Third-Party Complaint against MQM for declaratory judgment, indemnification, and breach of contract. In its answer, MQM admitted that "it breached the Agreement [between it and KBS] and is liable to defend KBS against the claims of the Plaintiffs." The Parties exchanged initial disclosures in July 2022, and exchanged written discovery in August and September of 2022.

The parties entered into a Class and Collective Action Settlement Agreement and Release dated April 27, 2023 (the "Settlement"). On June 6, 2023, this Court entered an Order that preliminarily approved the Agreement, conditionally certified the Settlement Class pursuant to Fed. R. Civ. P. 23, and conditionally certified the FLSA Collective pursuant to the Fair Labor Standards Act. *Dkt No. 43*.

Due and adequate notice was given to the Settlement Class and putative FLSA Collective in compliance with the procedures set forth in the Settlement and the Preliminary Approval Order.

On September 26, 2023, Plaintiffs, on behalf of themselves and each Settlement Class Member and Participating FLSA Collective Member, by and through their counsel, moved for an order finally approving the settlement of this action and for an order granting Plaintiffs' request for attorneys' fees and costs, in accordance with the Settlement, which sets forth the terms and conditions for a proposed settlement of this action and its dismissal with prejudice. Pursuant to the terms of the Settlement, Defendant KBS and Third-Party Defendant MQM do not oppose the requested relief.

The Court conducted a hearing on October 10, 2023, to consider, among other things, whether the settlement should be finally approved as fair, reasonable, and adequate, whether Class Counsel's request for approval of attorneys' fees and expenses is reasonable and should be approved by the Court, and whether the Class Representatives' request for approval of incentive awards is reasonable and should be approved by the Court. Otherwise being fully informed of the premises, and good cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. This Order and Judgment incorporates by reference the definitions in the Settlement, and all terms used herein shall have the same meanings as those set forth in the Settlement, unless otherwise defined in this Order and Judgment.

2. This Court has subject matter jurisdiction over the Action, and, for purposes of this settlement only, personal jurisdiction over all the Parties, including all Settlement Class and FLSA Collective Members.

3. For settlement purposes only, the Court certifies the following Rule 23 Settlement Class pursuant to F. R. Civ. P. 23: all JS-employed janitorial workers who worked at Amazon's Stoughton and/or Fall River, MA warehouses during the period of April 1, 2020, through December 1, 2021.

4. The Court finds that the Settlement is the product of good faith, arm's length negotiations by the Parties, with the substantial involvement of an independent, experienced mediator, and that each Party was represented by experienced counsel.

5. Pursuant to Fed. R. Civ. P. 23 and consistent with due process, this Court finally approves the Settlement and finds that the Settlement is fair, reasonable and adequate to the Settlement Class Members, and the Parties are hereby directed to perform its terms.

6.  The Parties dispute the validity of the claims in this litigation, and their dispute underscores not only the uncertainty of the outcome, but also why the Court finds the Settlement to be fair, reasonable, adequate, and in the best interests of the Class Members.

7.  Settlement Class Members had the right to exclude themselves from the Settlement Class or to object to the Settlement by way of the procedures set forth in the Preliminary Approval Order and Settlement. The Court finds that no Settlement Class Members have objected to or requested exclusion from the Settlement.

8.  This Court finds that the Class Notice was provided to the Settlement Class consistent with the Preliminary Approval Order and that it was the best notice practicable and fully satisfied the requirements of the Federal Rules of Civil Procedure, due process, and applicable law. The Court further finds that the Notice fully and accurately informed the Rule 23 Class Members of all material elements of the proposed Settlement, of their right to be excluded from the Settlement, and of their right and opportunity to object to the Settlement. A full opportunity has been afforded to the Rule 23 Class Members to participate in this hearing and all Rule 23 Class Members and other persons wishing to be heard have been heard. Accordingly, the Court determines that all Rule 23 Class Members, since none timely and properly executed a request for exclusion, are bound by this Order and Judgment.  More specifically, each and every Settlement Class Member, and any person actually or purportedly acting on behalf of any such Settlement Class Member, is hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting, or enforcing any Released Class Claims (including, without limitation, in any individual, class or putative class, representative, or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum, against the Released Parties. This permanent bar and injunction is necessary to protect

and effectuate the Settlement Agreement, this Judgment, and this Court's authority to effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

9. For settlement purposes only, and consistent with its order of preliminary approval, the Court certifies the following FLSA Collective: all JS-employed janitorial workers who worked at Amazon's Stoughton and/or Fall River, MA warehouses during the period of April 1, 2020 through December 1, 2021.

10. The Court further finds that the Notice fully and accurately informed putative FLSA Collective Members of all material elements of the Settlement and their right to join. Accordingly, the Court determines that all Participating FLSA Collective Members who submitted timely opt-ins are bound by this Order and Judgment. More specifically, each and every Participating FLSA Collective Member, and any person actually or purportedly acting on behalf of any such Participating FLSA Collective Member, is hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting, or enforcing any Released Collective Claims (including, without limitation, in any individual, class or putative class, representative, or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum, against the Released Parties. This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement, this Judgment, and this Court's authority to effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

11. This action is dismissed with prejudice. The Parties are to bear their own attorneys' fees and costs, except as otherwise expressly provided in the Settlement Agreement or in this Order.

12. The Court hereby confirms its approval of the terms and conditions contained in the Settlement as to the Settlement Collective as set forth in its June 6, 2023, Order. See Dkt. No. 43. The Court has already found that the terms of the Settlement represent a fair and reasonable resolution of a bona fide dispute, and are within the range of possible approval, pursuant to the FLSA and applicable law.

13. Plaintiffs Karine Baez and Jaquelini Da Silveira are finally approved as Class Representatives of the Settlement Classes and of the Settlement FLSA Collective.

14. Raymond Dinsmore, Esq. of Hayber, McKenna & Dinsmore, LLC is finally approved as Class Counsel for the Settlement Class and Settlement Collective.

15. The Court hereby confirms the appointment of *Simpluris, Inc.* as Settlement Administrator, and approves its reasonable administration costs of $9,000, which are to be paid from the Gross Settlement Amount.

16. The Massachusetts IOLTA Committee is finally approved as the *cy pres* recipient of any monies remaining in the Settlement Fund.

17. The Court finally approves Class Counsel's request for attorneys' fees of $80,000.00 (one-third of the Gross Settlement Amount). This amount is justified under the common fund doctrine, the range of awards ordered in this District and Circuit, the excellent results obtained, the substantial risk borne by Class Counsel in litigating this matter, the high degree of skill and quality of work performed, the financial burden imposed by the contingency basis of Class Counsel's representation of Plaintiffs and the Classes and Collective, and the additional work required of Class Counsel to bring this Settlement to conclusion. The Court finds the fee award is further supported by a lodestar crosscheck, whereby it finds that the hourly rates of Class Counsel are reasonable, that the estimated hours expended are reasonable.)

18.    The Court finally approves Class Counsel's request for litigation costs in the amount of $6,311.00.

19.    The Court finally approves service awards of $6,000.00 to Plaintiff Karine Baez and Plaintiff Jaquelini Da Silveira each, for a total of $12,000.00, and finds that these awards are fair and reasonable for the work they provided to the Settlement Classes and Collective and the broader release they executed than the Settlement Class and Collective Members.

20.    Accordingly, good cause appearing, the Court hereby approves the following implementation schedule:

| | |
|---|---|
| Effective Date | the later of (1) thirty-one (31) days following the Court's issuance of the Final Approval Order (or, if the 31st day falls on a weekend or holiday, following the next business day), if no appeal is taken of such Order, or; (2) the Court's entry of a final order and judgment after any and all appeals are resolved. |
| Deadline for Defendants to deposit the Gross Settlement Amount into the Qualified Settlement Fund | Within 7 days of the Effective Date. |
| Deadline for Administrator to make payments under the Settlement Class Representatives, Class Counsel, and itself | Within 7 days after the QSF is funded. |
| Deadline for Administrator to make payments under the Settlement to Settlement Class and Collective Members | Within 21 days after the Effective Date. |
| Deadline for Administrator to send reminders to Participating Collective Members and Class Members who have not cashed checks | Within 60 days after the initial distribution of settlement checks. |
| Check-cashing deadline | 120 days after issuance |

| | |
|---|---|
| Deadline for Administrator to tender uncashed check funds to *cy pres* recipient or redistribute such uncashed funds to Settlement Class and Collective Members who cashed their Settlement Award checks | As soon as practicable after check-cashing deadline |

21. The Court further orders that, pending further order of this Court, all proceedings in the above-captioned Action, except those contemplated herein and in the Settlement, are stayed, and all deadlines are all deadlines are vacated.

22. Except as otherwise set forth in the Settlement, without affecting the finality of this Order and Judgment in any way, this Court retains continuing jurisdiction to implement the Agreement and to construe, enforce, and administer the Settlement as described in the Settlement. Class Counsel will continue in their role to oversee all aspects of the Settlement.

23. Neither the Settlement Agreement, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Class or Collective Claims, or of any wrongdoing or liability of the Released Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the Released Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Released Parties may file the Settlement Agreement and/or the Judgment for this Action or in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, waiver, release, accord and satisfaction, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

24. If for any reason the Effective Date does not occur, then (a) the certification of the Settlement Class and FLSA Collective shall be deemed vacated, (b) the certification of the

Settlement Class and FLSA Collective for settlement purposes shall not be considered as a factor in connection with any subsequent class certification issues; (c) the Parties shall return to the status quo ante in the Action as it existed on the date the Settlement Agreement was executed, without prejudice to the right of any of the Parties to assert any right or position that could have been asserted if the Settlement had never been reached or proposed to the Court.

25. This Case is hereby dismissed with prejudice pursuant to the terms of the Settlement Agreement. This dismissal is without attorneys' fees or costs to any party, except as specifically provided in the Settlement Agreement and in this order. This is a final, appealable order, and shall constitute a final judgment for purposes of Rule 54 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Dated: October 10, 2023

BY THE COURT,

/s/ Allison D. Burroughs
Allison D. Burroughs
United State District Judge